IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| RICHARD A. SPEER,<br>Debtor | )<br>)<br>) | Bankruptcy No. 04-25091 TPA<br>Chapter 13 |
| CITIFINANCIAL, INC.,<br>Plaintiff, | )<br>)<br>) | Adversary No. 05-02079 |
| vs. | )<br>) | |
| RICHARD A. SPEER and<br>RONDA J. WINNECOUR, Trustee<br>Defendants | )<br>)<br>) | Related to Document No.14 |

*Appearances:*   Kevin Kelleher, Esq., Brian Kile, Esq., for Plaintiff
Robert Druzisky, Esq. for Defendant/Debtor
Ronda Winnecour, Ch. 13 Trustee

### *MEMORANDUM OPINION*

The matter before the Court is the Debtor/Defendant's *Motion for Judgment on the Pleadings* regarding Plaintiff Citifinancial's *Complaint to Determine Validity, Priority or Extent of Lien*. For the reasons expressed below, the Motion will be granted and the relief requested in the complaint will be denied.

### *FACTS*

In 1999 and continuing to the present time, the Debtor, Richard A. Speer ("Speer"), has resided in property known as 700 Center Avenue, Conway, PA. In 1999, Speer also owned adjacent property known as 708 Center Avenue ("708 Center"). By deed dated April 14, 1999, Speer sold 708 Center to Eugene and Dorothy Fulton. Prior to the sale, 708 Center was encumbered

by a mortgage. Before transferring 708 Center, apparently Speer intended to satisfy the 708 Center mortgage by obtaining a separate mortgage on his residence, the then, unencumbered 700 Center Avenue ("700 Center").

Consistent with his plan and intending that a first mortgage lien be placed on 700 Center, Speer obtained a loan in the amount of $71,191.57 from Commercial Credit, the predecessor to Plaintiff Citifinancial ("Citifinancial"). The loan transaction occurred on April 9, 1999. The Citifinancial mortgage was recorded on April 12, 1999. Inadvertently, the mortgage that was to be placed on 700 Center, Speer's residence, was indexed against 708 Center, the property conveyed to the Fultons. This was because the parcel description contained in the recorded mortgage identified "708 Center" instead of "700 Center" as the encumbered property, contrary to the original intent of the parties. There is no dispute that at the time of the financing, Speer actually believed the mortgage was placed on his residence. Thereafter, consistent with his belief, Speer continued to make the mortgage payments to Citifinancial.

Speer filed the present Chapter 13 bankruptcy on April 16, 2004, approximately five years after the real estate transfer in question. Citifinancial filed a proof of claim asserting a secured claim in Speer's residence, 700 Center, in the amount of $70,457.47.[1] Speer objected to the claim of Citifinancial. Citifinancial then filed the instant adversary seeking reformation and the subsequent recording of an appropriate mortgage. The objection to claim was denied by this Court since it was determined that the matter should properly be resolved through this adversary.

---

[1] Two Proofs of Claim were filed on behalf of Citifinancial. Claim No. 1 is in the amount of $70,056.59. Claim No. 2 is in the amount of $70,457.47. The Court presumes that Claim No. 2 amends Claim No. 1 although it is not specifically indicated on the record.

In its complaint, Citifinancial seeks to reform the mortgage placed on 708 Center to correct the faulty description so that the "reformed" mortgage may properly be recorded against 700 Center consistent with the intent of the parties. Citifinancial recognizes that as a result of the transactions described above, it does not currently have a secured interest in any property of the estate.[2] *See* ¶8, *Complaint to Determine Validity, Priority or Extent of Lien.* Citifinancial bases its request for relief on principles of both law and equity. *See* ¶12, *Complaint to Determine Validity, Priority or Extent of Lien.*

The complaint was answered by Defendants Speer and the Chapter 13 Trustee. The Trustee raised as an affirmative defense, her rights and powers as a bonafide purchaser claiming, by virtue of her strong arm powers pursuant to 11 U.S.C. §544, a right to 708 Center free and clear of Citifinancial's mortgage. Speer filed an Answer and Counterclaim to the Complaint. In his Counterclaim, Speer asserts that if Citifinancial's requested relief is granted, it will impair his exemption to which he is entitled under Section 522(b).[3] Speer then filed the instant motion and accompanying brief following which time Citifinancial filed its response and brief. Although she did not first formally join as a moving party, without objection from Citifinancial, the Trustee filed a brief in support of the Debtor's motion and participated in argument at which time she also sought dismissal of the complaint. The Court accepts the Trustee's conduct in this regard as her joinder in the motion to dismiss. To date, the Trustee has not brought a separate, affirmative action either by

---

[2] At the time of filing, 708 Center was not property of this bankruptcy estate and the issue before the court does not concern the Plaintiff's interest, if any, in 708 Center.

[3] Unless otherwise indicated, all references in this Opinion are to the U.S. Bankruptcy Code, Title 11, 11 U.S.C. §101 et seq.

3

counterclaim or separate complaint, asserting the strong arm powers afforded her pursuant to Section 544.

## *DISCUSSION*

A motion for judgment on the pleadings brought pursuant to *FED.R.CIV.P.12(C)* is made applicable in bankruptcy pursuant to *FED.R.BANKR.P. 7012(b)*. The standard for reviewing a motion for judgment on the pleadings is similar to that of a *FED.R.CIV.P.12(b)(6)* motion to dismiss, i.e., the court must view the facts in the pleadings in the light most favorable to the nonmoving party and may grant the motion only if the moving party establishes that no material issues of fact remain and that the movant is entitled to judgment as matter of law. *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97, f.n. 4 (3d Cir. 1986); *Jablonski v. Pan American Airways, Inc.*, 863 F.2d 289 (3d Cir. 1988); *Cannon v. U.S.*, 322 F.Supp. 2d 636 (W.D. Pa. 2004) citing *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *In re Jacone*, 156 B.R. 740, 743 (Bankr. S.D.N.Y. 1993).

Citifinancial asserts that a court in equity can reform a written instrument where there is a showing of "fraud, accident or mistake" and that under this principle, the mortgage at issue in this case can and should be reformed. According to Citifinancial, here "reformation" is a two step process: first, the mortgage description must be corrected; and, second, the mortgage must be re-filed against 700 Center. Citifinancial further argues that the powers granted to the Chapter 13 Trustee pursuant to the "strong arm clause" of *11 U.S.C. §544* are not absolute. Rather, while the Trustee is treated as a bona fide purchaser as of the date of the bankruptcy petition filing, the Trustee nevertheless is bound by the principle of "constructive notice." Citifinancial claims the facts of this

4

case require a finding that at all relevant times the Trustee possessed "constructive notice" of the unsatisfied mortgage on 708 Center.

In his *Motion for Judgment on the Pleadings*, Speer primarily relies on Section 544(a)(3) of the Code which provides the Trustee with the rights of a hypothetical, bona fide purchaser. Speer further acknowledges that a mistake can be corrected in equity but only where rights of third parties are not prejudiced. Here, Speer claims other unsecured creditors would be harmed if Citifinancial was allowed a secured claim. As to constructive notice, Speer asserts that a search of the real estate indexes at the county recorder of deeds office would only show the reasonable title searcher that Speer owns 700 Center free of liens and that there are no facts giving rise to constructive notice that Citifinancial has any claim to 700 Center.

The Chapter 13 Trustee similarly contends that she is a hypothetical, bona fide purchaser under Section 544 as of the filing date with no notice, actual or constructive, of the alleged claim of Citifinancial against 700 Center. Neither a search of the title to 700 Center or the debtor's name would give rise to any notice of a mortgage on 700 Center. While a title search under the debtor's name would disclose a mortgage in the Debtor's name on 708 Center, and that the property was subsequently sold, the mortgage was recorded while the debtor still owned it. This alone, the Trustee asserts, would not have been so unusual an occurrence as to put a purchaser on constructive notice or give rise to a further duty of inquiry as to the improperly recorded Citifinancial mortgage. Therefore, the Trustee claims the prerequisites for finding the existence of a bona fide purchaser have been met.

*Notice*

The parties agree there are no material facts in dispute in this matter. The parties also agree that once Speer filed for bankruptcy, the Chapter 13 Trustee is provided the rights of a hypothetical bona fide purchaser as set forth in *11 U.S.C. §544(a)(3)*. As a hypothetical purchaser, the trustee would be deemed to have conducted a title search of the property, paid value for the property, and perfected his/her interest as of the date of commencement of the case. *In re Sosnowski*, 314 B.R. 23 (Bankr. D. Del. 2004).

The parties also agree that under Pennsylvania law, in certain circumstances, reformation of a mortgage is permitted. However, it is also clear that in Pennsylvania the equitable principle of reformation does not apply as against a bona fide purchaser. *In re White Glove, Inc.*, 1998 WL 731611 (Bankr. E.D. Pa. 1998) (Reformation, being an equitable doctrine, must yield where the rights of third parties such as good faith purchasers for value will be unfairly affected); *In re White Beauty View, Inc.*, 81 B.R. 290 (Bankr. M.D. Pa. 1988). Rather, bona fide purchaser status is acquired only when a purchaser takes title to the property without, either actual or constructive, notice of the claim at issue. *McCannon v. Marston*, 679 F.2d 13 (3d Cir. 1982). (Powers of the trustee under Section 544(a) held to be invalid due to knowledge that the party defeating the trustee's power was in actual possession of the property in question.) Either constructive or actual notice of third party rights will defeat the claim of bona fide purchaser status by a subsequent purchaser, including the Chapter 13 trustee. *Id* at 15.

In the only Pennsylvania case cited by the parties in which a trustee was found to possess constructive notice, *In re R.A. Beck Builders, Inc.*, 66 B.R. 666 (Bankr. W.D. Pa. 1986), the property had been sold by the debtor prepetition but the deed improperly indexed. The property

6

was then posted with a "For Sale" sign by the current owners, which upon further inquiry beyond the "record", was traceable to them. The court found that this was sufficient to place the trustee on constructive notice and accordingly, the trustee was found not to be a bona fide purchaser.

Other Pennsylvania bankruptcy cases have concluded that insufficient facts existed to put the trustee on constructive notice. *In re White Beauty View, Inc., supra; In re Alicastro*, 1989 WL 65525 (Bankr.W.D.Pa. 1989). In *White Beauty View, supra*, reformation of a mortgage was sought due to an incorrect property description contained in the mortgage. The description inadvertently failed to include the entire property intended to be subject to the bank's lien. Unlike the property in *R.A. Beck Builders, Inc., supra*, the property was not in clear or open possession of another. The court found nothing in the relevant facts which would direct a purchaser to inquire as to whether a description of the property in a recorded instrument was correct or not. Accordingly, reformation of the mortgage was denied. In examining the issue, the court aptly stated the following:

> The trustee in this proceeding accepted the debtor's estate as he found it on December 17, 1983, an estate which included a mortgage held by Northeastern and was bound by the description of the property as recorded by the Bank. He received (nor was entitled) to no greater rights than those held by the debtor. It could not be stated that the facts as presented to the trustee on that date would lead him to believe or know that Northeastern, due to its own failure, had not included a description of all the property held by White Beauty View. The position in which Northeastern now finds itself, the holder of a mortgage with an incorrect description of property is one that it alone created ...

81 B.R. at 294.

In a case with a similar outcome, *In re Alicastro, supra*, a debtor owned two parcels of land, one which was vacant and one upon which was located the debtor's home. The description

7

in the mortgage incorrectly referred only to the parcel of vacant land. When the debtor filed bankruptcy the discrepancy became apparent. The bank attempted to reform the mortgage in accordance with the parties' intent to reflect the mortgage covering both parcels. The court held that reformation between the debtor and mortgagee could not be granted because of Section 544(a). In addition, because the debtor was in possession of the property when the case was filed, there was no actual or constructive notice to a bona fide purchaser of the bank's right in the second parcel.

Here, the parties agree that a search of the Debtor's properties as indexed in the county recorder of deeds office would fail to reveal a mortgage on the 700 Center property or any description irregularities on the face of the mortgage affecting 708 Center. Nevertheless, Citifinancial argues that by searching the Debtor's name, a person would be put on notice of the existence of the mortgage on 708 Center which, although regular on its face, would be sufficient to require the reasonable purchaser (or its reasonable title searcher) to further inquire as to the actual state of the Debtor's title. This Court does not believe the reasonable purchaser would be put on constructive notice by conducting such a record search.

Citifinancial's approach would require a searching party to examine each document under a debtor's name, determine if it was properly described and properly indexed and, even if on the surface it appeared to be properly recorded, surmise the parties' actual intent in recording such a document, even where the record in question pertained to property not in question. We do not believe this is required of the reasonable purchaser or its title searcher. *In re Anderson,* 324 B.R. 609 (Bankr. W.D. Ky. 2005) (Chapter 13 debtors availing themselves of the trustee's strong arm powers pursuant to *11 U.S.C. 544(a)(3),* in avoiding any lien voidable by a hypothetical bona fide

8

purchaser [with record notice requirements similar to applicable Pennsylvania law] do not have notice, constructive or otherwise, imposing a duty of "further inquiry" even where a judgment is entered prepetition in a pending foreclosure action involving an improperly satisfied mortgage.)

Under our facts, upon searching the Debtor's name, a party would simply find a mortgage on property subsequently sold describing 708 Center indexed against 708 Center and that, during the relevant time period, 700 Center was never encumbered by any mortgage. Such a finding would not lead one to a conclusion that perhaps the mortgagee actually holds an interest in a completely different property, in this case, 700 Center. This is particularly true where an examination of the property record would not reflect a description error, indexing error or name error. *See In re Anderson, supra*; *Cf. Mid-State Bank & Trust Co. v. Globalnet Int'l, Inc.* 735 A.2d 79 (Pa. 1999) (the court found a party on constructive notice of an interest in real property "where the party 'could have learned by inquiry of the person in possession and of others who, they had reason to believe, knew of facts which might affect title, and also by what appeared in the appropriate indexes in the office of the recorder of deeds.'" *Citation omitted.*)

By focusing on the title record to 708 Center, Citifinancial attempts to shift our review from the real task at hand, i.e., examination of the title to 700 Center. In searching the record title to 700 Center five years[4] after the series of transactions affecting 708 Center were completed, the reasonable purchaser would simply find a parcel of property unencumbered by any mortgage during the period of Speer's ownership. Although the transactions affecting Speer's

---

[4] Section 544(a) limits the timing for receipt of the trustee's knowledge to "as of the commencement of the case without regard to any knowledge of the trustee or of any creditor...." *11 U.S.C. §544(a)*. As noted, the within bankruptcy was filed on April 16, 2004.

9

ownership of 708 Center would be apparent to the purchaser during her search, they would be of no moment to her.

The original mortgage against 708 Center had been satisfied of record, ostensibly from the proceeds of the financing represented by the subsequent mortgage placed against the property in April of 1999. Soon thereafter the property was sold to the Fultons subject to the Citifinancial mortgage. Over the course of the subsequent five years, no foreclosure action or any other record filing by Citifinancial would indicate any issue or problem with the record state of affairs. These events, affecting a piece of property outside the subject property's chain of title would not create any duty in the purchaser, here the Chapter 13 Trustee, to "further inquire." As such, no apparent record "irregularities" exist distinguishing the instant case from those cases in which constructive notice arises as a result of an error occurring either in the description, recording or indexing process. *See First Citizens Nat'l Bank v. Sherwood,* 2005 WL 1691356 (Pa. 2005) (relying upon *21 P.S. §357,* the Pa. Supreme Court found a subsequent purchaser to possess constructive notice of a third party interest where the mortgage was properly recorded but defectively indexed.)

Nor did Citifinancial provide any applicable law which would support, under the circumstances, the imposition of a duty on the "purchaser" to "further inquire" beyond the courthouse record as to whether Citifinancial actually intended to file its mortgage against a property other than 708 Center. If Citifinancial's argument is taken to its literal conclusion, a bona fide purchaser would be required to examine the status of each mortgage held by its seller, outside the courthouse records, so as to ascertain and verify the accurate recording of documents, even for

10

properties not the subject of the transaction at issue. Citifinancial would require this additional exercise despite ostensibly appropriate property descriptions existing on the record. Such a requirement is not realistic, or reasonable, particularly where a seller/debtor may have involvement in multiple real estate transactions.

### *Mistake*

Pennsylvania follows the general rule that reformation of a mortgage can take place where there has been accident, fraud or mistake. *Kustenow v. Kustenow*, 202 A.2d 68 (Pa. 1964). Where reformation is sought due to mistake, the mistake may be either mutual or unilateral. *Id.* at 69. In the event of a unilateral mistake, however, it must be shown that the party against whom relief is sought possessed knowledge of the mistake sufficient to justify an inference of fraud or bad faith. *Dudash v. Dudash*, 460 A.2d 323 (Pa. 1983). Therefore, while equity will allow reformation under certain circumstances, in the instance of unilateral mistake, equitable principles are not applicable against the party without notice, i.e., a bona fide purchaser. *In re Peebles*, 197 B.R. 799, 801 (Bankr. W.D. Pa. 1996).

Under our facts, the mistake was unilateral. There is no indication that the Debtor was a party to the recording of the wrong description. The undisputed record reflects that the Debtor was unaware of Citifinancial's mistake. Regarding Citifinancial's demand for reformation of the mortgage on the basis of "mistake, accident or fraud", the Trustee contends that this relief can only be granted where the party against whom the relief is sought has sufficient knowledge (or "notice") of the mistake so as to at least justify an inference of bad faith or fraud as required in *Dudash, supra*.

11

The Trustee claims that since she did not become a party to the transaction until years later, she cannot be said to have possessed such knowledge as of the commencement of the case. *11 U.S.C. §544(a); In re Peebles, supra; MacKubbin v. Rosedale Memorial Park, Inc.*, 257 A.2d 587 (Pa. 1969). (Equity protects innocent purchasers by providing that a bona fide purchaser for value without notice of an earlier claim has a perfect defense in a suit brought by a holder of a prior equitable claim.)

In *Peebles,* 197 B.R. at 801, after the debtor received his discharge, the mortgage holder sought reformation of the mortgage to include the debtor's residence. The property description contained in the mortgage included the vacant lot owned by the debtor but failed to include the lot upon which the debtor's residence was located. Reformation of the mortgage was denied. The court found that because the trustee held the status of bona fide purchaser pursuant to *11 U.S.C. §544(a)(3)*, the mortgage holder could not reform the mortgage against the trustee. *Id.* Nor was the trustee charged with any alleged actual or constructive knowledge of the mistake possessed by the debtor. *Id.* at 802. As such, the Trustee, as a hypothetical bona fide purchaser, is not charged with any actual knowledge which the prepetition debtor may have possessed as to a mistake in the recording of the Citifinancial mortgage. *Id.*

### *Conclusion*

For the reasons expressed above, the Court finds that Defendant Richard A. Speer is entitled to judgment as a matter of law. It is clear from this undisputed record that 700 Center entered the Estate without notice to the Chapter 13 Trustee of any interest held by Citifinancial.

12

Accordingly, the Pennsylvania requirements for a finding of bona fide purchaser status have been met. Grounds to reform the mortgage on the basis of accident, fraud or mistake were not shown and an independent review of the record on this matter clearly demonstrates such a finding does not exist. Therefore, there is no basis on which the mortgage can be reformed and thereafter recorded against the residence of the Debtor. Granting a judgment on the pleadings is therefore appropriate.

Given the procedural posture of this case, in which the Trustee's strong arm powers were raised only by affirmative defense and, since the Debtor's assertion of impairment of exemption was raised only by a counterclaim not addressed in the pending motion, the Court is limited in the relief it can grant. Therefore, viewing all facts in the pleadings in a light most favorable to Citifinancial, the Court will grant the relief requested in the Debtor's *Motion for Judgment on the Pleadings* as joined by the Chapter 13 Trustee. Based on the record before it, Plaintiff's requested relief is denied and its complaint dismissed. An appropriate order will be entered.[5]

Dated this *16th* day of *August, 2005*

Thomas P. Agresti
U.S. Bankruptcy Judge

Case Administrator to serve:
    Brian Kile, Esq.
    Kevin Keller, Esq.
    Robert Druzisky, Esq.
    Ronda Winnecour, Esq.

FILED
AUG 1 6 2005
CLERK, U.S. B'hay
WEST. DIST. OF PA

---

[5] This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law. This Court's jurisdiction is not at issue.